IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JOSEPH DICKS, #336-138, :

    Petitioner, :

v. :     Civil Case No. GLR-17-793

WARDEN CASEY CAMPBELL, et al. :

    Respondents. :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Andrew Joseph Dicks' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Petition is ripe, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). Having reviewed the Petition and the Respondents' responses thereto, the Court also finds no need for an evidentiary hearing. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2) (2018). For the reasons set forth below, the Court will dismiss the Petition as time-barred and decline to issue a Certificate of Appealability.

### I.     BACKGROUND

On July 10, 2006, Dicks pleaded guilty in the Circuit Court for Anne Arundel County to one count of robbery[1] and one count of armed robbery.[2] (Pet. Writ Habeas Corpus ["Pet."] Ex. J at 1, ECF No. 1-10). On August 31, 2006, Dicks was sentenced to

---

[1] See Resp'ts' Limited Answer Ex. 1 ["State Court Dockets"] at 30, State v. Dicks, Case No. 02-K-05-001580 (A.A.Co.Cir.Ct.), disposition docket entry of July 10, 2006, ECF No. 5-1.
[2] See id. at 16, State v. Dicks, Case No. 02-K-06-000594 (A.A.Co.Cir.Ct.) disposition docket entry of July 10, 2006.

thirty years of incarceration. (Id.). Dicks did not file an application for leave to appeal the judgment, which became final on October 2, 2006. See Md. Rule 8-204(b)(2)(A) (requiring application for leave to appeal to be filed within thirty days of judgment from which appeal is sought). Dicks filed a motion for reconsideration of sentence, (State Court Dockets at 7, 31), that was held in abeyance until it expired by operation of law on September 4, 2011.[3] See Md. Rule 4-345(e) (sentence may not be revised more than five years after the date the sentence was imposed).

On April 28, 2014, Dicks filed a state petition for post-conviction relief in the Circuit Court for Anne Arundel County. (State Court Dockets at 10, 34). After holding a hearing on October 7, 2014, the Circuit Court denied post-conviction relief in an order filed on January 20, 2015. (Pet. Ex. J). Dicks did not file his application for leave to appeal the denial of post-conviction relief within thirty days. (State Court Dockets at 12). See Md. Rule 8-204(b)(2). He filed several other court papers in the months thereafter, culminating in the Court of Appeals' denial of Dicks' motion to reconsider dismissal of his petition for writ of certiorari on December 15, 2016.[4]

Dicks filed his undated Petition in this Court on March 22, 2017. In the Petition, Dicks asserts that (1) he recently discovered evidence that the police tampered with his

---

[3] Dicks' request for drug and alcohol evaluation and treatment was granted on September 21, 2011. (Limited Answer Ex. 1 at 10).

[4] Dicks filed his application for leave to appeal on June 10, 2015. (State Court Dockets at 12). He filed a motion to reopen post-conviction proceedings on July 24, 2015; it was denied on August 5, 2015. (Id.). Dicks filed his first motion to correct an illegal sentence on December 1, 2015; it was denied on February 8, 2016. (Id. at 13–14). Dicks filed a second motion to correct an illegal sentence on February 12, 2016; it was denied on March 2, 2016. (Id. at 14).

Miranda[5] forms; (2) his confession was involuntary; (3) plea counsel was ineffective for failing to (a) prepare for trial and (b) prepare mitigation evidence for sentencing; (4) post-conviction counsel was ineffective for failing to adequately question plea counsel; and (5) his guilty plea was involuntary. (Pet. 5–9).

In their Limited Answer, Respondents assert that the Petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d) and that Dicks has provided no basis for applying the doctrine of equitable tolling. In his Reply, Dicks notes that he sought state post-conviction relief within Maryland's ten-year limitations period. (Reply at 3, ECF No. 7). Dicks also argues that any delay in seeking state post-conviction relief cannot be imputed against him based on a claim that could not have been discovered earlier, citing Brady v. Maryland.[6] He further argues that his state post-conviction proceedings lasted until December 15, 2016 and therefore that his March 22, 2017 Petition was filed timely filed under 2244(d)(2). (ECF No. 7 at 9).

On May 2, 2018, the Court directed Respondents to answer the merits of Dicks' claims and address the Brady claim with regard to timeliness. (May 2, 2018 Order at 1, ECF No. 16). Respondents' Supplemental Response reiterated their argument that the Petition is untimely and made additional arguments, including that Dicks failed to exhaust

---

[5] In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court established safeguards to protect the exercise of Fifth Amendment privilege from inherently coercive effects of custodial interrogation. Suspects interrogated in custody must be informed that they have the rights to remain silent and to private or appointed counsel, and that their statements can be used against them.

[6] In Brady, the U.S. Supreme Court held that disclosure of exculpatory evidence be provided to the defense prior to trial. 373 U.S. 83, 87 (1963).

3

state remedies. (Suppl. Resp., ECF No. 20).

## II. DISCUSSION

### A. Dicks' Petition

Respondents contend that Dicks' Petition is time-barred. The Court agrees.

A prisoner seeking a writ of habeas corpus from a federal court must comply with a one-year period of limitation. See 28 U.S.C. § 2244(d)(1); Wall v. Kholi, 562 U.S. 545, 549 (2011). When the limitation period begins depends on the grounds for the prisoner's petition. Specifically, the limitation period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) contains a tolling provision that accounts for post-conviction proceedings: "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28

4

U.S.C. § 2244(d)(2). The Fourth Circuit has held that the one-year period within which a federal habeas petition must be filed begins at the conclusion of direct review of the judgment of conviction; the one-year clock pauses during the pendency of any state-court post-conviction proceedings; and then, upon final disposition of those state post-conviction proceedings, the running of the § 2244(d) one-year period resumes. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).

The one-year period may also be subject to equitable tolling. See Id. at 329–30. In order to be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by the State contributed to the delay in filing his federal habeas petition, or that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (stating that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

Dicks does not make clear which part of § 2244(d)(1) he relies for his Petition's operative date, but it is untimely regardless. Sections 2244(d)(2)(C) and (D) are not

relevant here.[7] The Court will address the application of §§ 2244(d)(1)(A) and (B) to the Petition in turn.

Under § 2244(d)(1)(A), Dicks filed his Petition more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." His judgment became final on October 2, 2006, when the 30-day period to appeal his August 31, 2006 sentencing expired. His Motion for Reconsideration, filed September 5, 2006, arguably statutorily tolled the limitations period[8] to September 4, 2011, when his motion for reconsideration of sentence, which had been held in abeyance, expired by operation of law. More than a year passed, and Dicks did not file his federal habeas petition or anything that would continue to toll the one-year period. Dicks did not file for state post-conviction review until April 29, 2014, a delay that doomed the timeliness of the federal Petition he eventually filed under § 2244(d)(1)(A).

Next, Dicks makes arguments that appear to rely on § 2244(d)(1)(B) for his Petition's operative date, but that theory also fails. Dicks' guilty plea stemmed in part from confessions he provided to the police—confessions he now claims are tainted because the

---

[7] Dicks does not cite a right newly recognized by the U.S. Supreme Court as contemplated by § 2244(d)(1)(C). Section 2244(d)(1)(D) is also unavailing because "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" would necessarily be earlier than the date Dicks actually discovered the Miranda form he alleges is a Brady violation. The Court addresses the effect of that "discovery" under § 2244(d)(1)(B) below.

[8] See Kholi, 562 U.S. at 550. The United States Court of Appeals for the Fourth Circuit is considering in Mitchell v. Green, et al., No. 17-7450 (4th Cir. 2017), among other issues, whether a § 2254 petitioner is entitled under Kholi to statutory tolling of the limitations period during the time a motion for modification is pending in the Maryland state courts. For the purpose of this opinion, the Court extends Kholi as a basis for statutory tolling.

police "tampered" with his Miranda forms.[9] According to his Petition, Dicks, "while preparing for Post-Conviction" in 2013, discovered a copy of a Miranda form he now argues is a basis for habeas relief, reasoning trial counsel could not have known about the tampering because the form was not made available at the time the plea was negotiated. (Pet. at 5, 12). Therefore, Dicks contends, impliedly relying on 2244(d)(1)(B), the beginning date of the 2244(d)(1) one-year period should be some time in 2013 when he discovered this alleged Brady material. He then argues that his post-conviction proceedings, initiated on April 28, 2014, tolled that one-year limitation period until December 15, 2016.

This argument fails because Dicks did not timely prosecute his state post-conviction petition. After the state circuit court denied Dicks post-conviction relief on January 20, 2015, Dicks did not file his application for leave to appeal with the Court of Special Appeals of Maryland within the required thirty days. The operative date for the completion of post-conviction relief is, therefore, February 19, 2015, the last date on which a timely application for leave to appeal could have been filed in the Court of Special Appeals.

Dicks' filings later in 2015 and 2016 do not toll the one-year period such that his federal Petition, filed March 22, 2017, was timely. In Taylor v. Lee, the United States Court of Appeals for the Fourth Circuit held that "under § 2244(d)(2) the entire period of state

---

[9] After his arrest, Dicks was interrogated by police from different jurisdictions, including Anne Arundel, Baltimore and Howard Counties and Baltimore City. He claims a copy of the same Miranda form was placed in various files, and that his advisement of rights was forged. (Pet. at 6).

7

post-conviction proceedings, from initial filing to final disposition by the highest state court (whether the decision is on the merits, denied on certiorari, or expires due to the running of the period for appeal), is tolled from the limitations period for seeking federal habeas corpus review." 186 F.3d 557, 561 (4th Cir. 1999). The Fourth Circuit clarified the rule a year later in Harris, holding that "the running of the [one-year period within which to file a federal habeas petition] is suspended for the period when state post-conviction proceedings are pending in any state court." 209 F.3d at 327. Here, when Dicks failed to timely file his application for leave to appeal the Anne Arundel County Circuit Court's decision, his state post-conviction proceedings were no longer pending. His subsequent filings did not extend his state-conviction proceedings for purposes of the one-year federal habeas tolling period because they were futile after he missed that February 19, 2015 deadline. Concluding otherwise would mean that a procedurally defaulted state post-conviction petition could continue for years so long as the prisoner kept filing papers with various state courts, suggesting an endless exhaustion of state remedies. The Court cannot see how Dicks' late filings to Maryland's appellate courts would count toward "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" under § 2244(d)(2).[10]

---

[10] Even if Dicks' first motion to correct an illegal sentence constituted a separate post-conviction proceeding, he did not file that motion until December 1, 2015—eight months after he failed to timely appeal the circuit court's ruling on his state petition. Added to the minimum four months between when he discovered the alleged Brady material in 2013 and when he filed his state petition for post-conviction on April 28, 2014 and the three months between the Court of Appeals' final denial on December 15, 2016 and the filing of Dicks' federal Petition on March 22, 2017, Dicks clearly exceeded the one-year time limitation.

Therefore, when Dicks filed his Petition in this Court on March 22, 2017, more than two years after the conclusion of state post-conviction proceedings that included his Miranda argument, his filing was time-barred.

Further, Dicks has identified no wrongful conduct by the State that prevented him from timely filing his federal Petition. Assuming Dicks misunderstood the rules governing the limitation period, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (concluding that ignorance of the law is neither extraordinary nor a circumstance beyond the prisoner's control). Dicks has failed to provide a basis to warrant equitable tolling, and his Petition was therefore filed more than a year after the operative § 2244(d)(1) date.

Accordingly, the Court will dismiss the Petition as time-barred.

**B.  Certificate of Appealability**

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in habeas cases. R. Govern. § 2254 Cases U.S. Dist. Ct. 11(a). Because the accompanying Order is a final order adverse to the applicant, the Court must issue a certificate of appealability before an appeal can proceed. See 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

When a district court denies a habeas petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id. at 478.

Here, the Court is dismissing Dicks' claims on procedural grounds. Because Dicks has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a certificate of appealability. See Buck v. Davis, 137 S.Ct. 759, 773 (2017). Dicks may still request that the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III. CONCLUSION

For the foregoing reasons, the Court will DISMISS the Petition for a Writ of Habeas Corpus and will DECLINE to issue a certificate of appealability. The Court will direct the Clerk to CLOSE the case. A separate Order shall issue.

Entered this 27th day of February, 2019.

_____/s/_____

George L. Russell, III
United States District Judge