IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW JOSEPH DICKS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-17-793 |
| WARDEN FRANK BISHOP, et al., | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Andrew Joseph Dicks' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, which the Court denied on February 27, 2019 (ECF No. 29). The Petition is on remand from the United States Court of Appeals for the Fourth Circuit for consideration of whether Dicks' motion for evaluation under Md. Code Ann., Health-Gen. § 8-505 tolled the one-year filing period set forth in 28 U.S.C. § 2244(d). No hearing is necessary to resolve the matters pending. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will again deny the Petition and decline to issue a certificate of appealability.

### I.     BACKGROUND

In a Memorandum Opinion dated February 27, 2019, this Court concluded that the Petition for Writ of Habeas Corpus was time-barred. (Feb. 27, 2019 Mem. Op. ["Init. Op."] at 9, ECF No. 28). On April 23, 2021, the Fourth Circuit remanded the case upon

concluding that this Court "did not address Dicks' argument that his § 2254 petition was timely because his motion for drug and alcohol treatment, pursuant to Md. Code Ann., Health-Gen. §§ 8-505, -507 (2019), qualifies as a collateral review proceeding that tolls the one-year statute of limitations." (Apr. 23, 2021 Mem. Op. ["4th Cir. Op."] at 4, ECF No. 42-1). The Fourth Circuit also directed additional fact finding regarding whether Dicks' motion for drug and alcohol treatment remains pending. (Id. at 4–5).

The statute at issue permits a Maryland court "before or during a criminal trial, before or after sentencing, or before or during a term of probation" to order the Maryland Department of Health ("DOH") to evaluate a defendant "to determine whether, by reason of drug or alcohol abuse, the defendant is in need of and may benefit from treatment if: 1. It appears to the court that the defendant has an alcohol or drug abuse problem; or 2. The defendant alleges an alcohol or drug dependency." Md. Code Ann., Health-Gen. ("H.G.") § 8-505(a)(1)(i). This section of the statute pertains only to an evaluation for treatment and governs whom the criminal trial court may order evaluated by DOH, where persons who are to be evaluated may be confined if necessary, and the manner in which the evaluation is presented to the court that ordered it. See H.G. §§ 8-505(b)–(e).

Only after a § 8-505 evaluation has been conducted may a criminal court order the defendant to be delivered to DOH for treatment, and the court may not do so until "(i) Any detainer based on an untried indictment, information, warrant, or complaint for the defendant has been removed; and (ii) Any sentence of incarceration for the defendant is no longer in effect." H.G. § 8-507(e)(1). A court granting a § 8-507 motion is required to suspend the defendant's sentence before he or she may be delivered to DOH. See Howsare

v. State, 970 A.2d 951, 962 (Md.Ct.Spec.App. 2009) ("[Appellant] contends that . . . the only way the court can order treatment is if the court suspends the executed portion of the sentence. We agree with appellant as to this point[.]"). The requirement that the sentences be suspended before commitment for drug and alcohol treatment is problematic where, as here, the defendant is serving multiple sentences from various jurisdictions. See id. at 964 (noting that the court granting a § 8-507 commitment may not suspend a sentence imposed by a different court).

Respondents have supplemented the record with additional records, including transcripts of Dicks' hearings in the Circuit Court for Anne Arundel County, where Dicks' § 8-505 motion was considered. (See Sept. 11, 2009 Tr. ["2009 Tr."], ECF No. 51-2; Sept. 21, 2011 Tr. ["2011 Tr."], ECF No. 51-3). From those transcripts it is clear that Dicks, who was represented by counsel, limited his motion before the state court to seeking an evaluation under H.G. § 8-505. (See 2009 Tr. at 4, 8, 10, 11; 2011 Tr. at 5, 8, 11–12, see also Suppl. State R. at 5–8, ECF No. 51-1 (reflecting that Dicks' state court petition sought an evaluation under § 8-505)). At the September 21, 2011 hearing, Judge Ronald A. Silkworth ruled on Dicks' motion from the bench and stated, "I'm going to order an 8-505, but I'll tell you, Mr. Dicks, I'm not making any promises to you." (2011 Tr. at 13). Judge Silkworth then explained that Dicks "[has] a long sentence, and . . . it's not ultimately going to be up to me, it's going to be up to multiple other judges. But I guess it might be helpful to get an evaluation to see whether you're amenable to treatment." (Id.).

Dicks is serving sentences imposed by courts in Baltimore County, Baltimore City, Howard County, and Anne Arundel County. (2009 Tr. at 4). The petition before this Court

3

concerns the Anne Arundel County sentence. Thus, Judge Silkworth's order for Dicks to be evaluated under § 8-505—a prerequisite for further relief under the statutory scheme—could not lead to a § 8-507 commitment to DOH unless all of the other jurisdictions agreed to suspend the remainder of Dicks' sentences. (See 2011 Tr. at 14–15 (instructing Dicks that he needs "to convince three maybe four judges . . . that there's no risk that you're going to go out there and with that addiction decide to do something else")).

Following the September 21, 2011 hearing, the Assistant State's Attorney for Anne Arundel County filed a Motion for Appropriate Relief on October 11, 2011, asking the Circuit Court for Anne Arundel County to rescind its Order for a § 8-505 evaluation. (Suppl. State R. at 16–17). The basis of the motion was that Dicks had on several occasions sought an order for a § 8-505 evaluation in connection with his Baltimore County conviction, for which he was serving two consecutive twenty-year sentences. (Id. at 17). The Circuit Court for Baltimore County denied Dicks' requests on September 26, 2006; April 15, 2009; January 20, 2010; April 1, 2011; and June 8, 2011. (Id.). On November 28, 2011, the Circuit Court for Anne Arundel County denied the motion as moot upon finding that Dicks had already been evaluated by DOH. (Id. at 18–19).

On November 28, 2012, Dicks filed correspondence with the Circuit Court for Anne Arundel County asking to come back to court, presumably to seek commitment to a DOH facility for drug and alcohol treatment pursuant to H.G. § 8-507. (Id. at 20–21). In the correspondence, Dicks indicated that one other judge had "signed off" on a § 8-507 motion but told him he "couldn't go for 3 years." (Id.). Because the correspondence bore no indication that a copy was mailed to the State's Attorney, however, the court marked the

4

correspondence as ex parte and took no action on it. (Id. at 20 (referencing Md. Rule 1-323 in a marginal note)).

In its February 27, 2019 Memorandum Opinion, this Court set forth the balance of the procedural history leading up to Dicks' Petition in this Court:

> Under § 2244(d)(1)(A), Dicks filed his Petition more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." His judgment became final on October 2, 2006, when the 30-day period to appeal his August 31, 2006 sentencing expired. His Motion for Reconsideration, filed September 5, 2006, arguably statutorily tolled the limitations period to September 4, 2011, when his motion for reconsideration of sentence, which had been held in abeyance, expired by operation of law. More than a year passed, and Dicks did not file his federal habeas petition or anything that would continue to toll the one-year period. Dicks did not file for state post-conviction review until April 29, 2014, a delay that doomed the timeliness of the federal Petition he eventually filed under § 2244(d)(1)(A).
>
> Next, Dicks makes arguments that appear to rely on § 2244(d)(1)(B) for his Petition's operative date, but that theory also fails. Dicks' guilty plea stemmed in part from confessions he provided to the police—confessions he now claims are tainted because the police "tampered" with his Miranda forms. According to his Petition, Dicks, "while preparing for Post-Conviction" in 2013, discovered a copy of a Miranda form he now argues is a basis for habeas relief, reasoning trial counsel could not have known about the tampering because the form was not made available at the time the plea was negotiated. (Pet. at 5, 12). Therefore, Dicks contends, impliedly relying on 2244(d)(1)(B), the beginning date of the 2244(d)(1) one-year period should be some time in 2013 when he discovered this alleged Brady material. He then argues that his post-conviction proceedings, initiated on April 28, 2014, tolled that one-year limitation period until December 15, 2016.

5

This argument fails because Dicks did not timely prosecute his state post-conviction petition. After the state circuit court denied Dicks post-conviction relief on January 20, 2015, Dicks did not file his application for leave to appeal with the Court of Special Appeals of Maryland within the required thirty days. The operative date for the completion of post-conviction relief is, therefore, February 19, 2015, the last date on which a timely application for leave to appeal could have been filed in the Court of Special Appeals.

Dicks' filings later in 2015 and 2016 do not toll the one-year period such that his federal Petition, filed March 22, 2017, was timely. In Taylor v. Lee, the United States Court of Appeals for the Fourth Circuit held that "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether the decision is on the merits, denied on certiorari, or expires due to the running of the period for appeal), is tolled from the limitations period for seeking federal habeas corpus review." 186 F.3d 557, 561 (4th Cir. 1999). The Fourth Circuit clarified the rule a year later in Harris, holding that "the running of the [one-year period within which to file a federal habeas petition] is suspended for the period when state post-conviction proceedings are pending in any state court." 209 F.3d at 327. Here, when Dicks failed to timely file his application for leave to appeal the Anne Arundel County Circuit Court's decision, his state post-conviction proceedings were no longer pending. His subsequent filings did not extend his state-conviction proceedings for purposes of the one-year federal habeas tolling period because they were futile after he missed that February 19, 2015 deadline. Concluding otherwise would mean that a procedurally defaulted state post-conviction petition could continue for years so long as the prisoner kept filing papers with various state courts, suggesting an endless exhaustion of state remedies. The Court cannot see how Dicks' late filings to Maryland's appellate courts would count toward "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" under § 2244(d)(2).

Therefore, when Dicks filed his Petition in this Court on March 22, 2017, more than two years after the conclusion of

>state post-conviction proceedings that included his Miranda argument, his filing was time-barred.

(Init. Op. at 6–9 (footnotes omitted)).

Dicks first filed his Petition for Writ of Habeas Corpus on March 22, 2017. (ECF No. 1). The Court issued its Opinion and Order denying Dicks' Petition on February 27, 2019. (ECF Nos. 28, 29). Dicks noticed an appeal on April 26, 2019. (ECF No. 32). In an unpublished opinion dated April 23, 2021, the Fourth Circuit remanded the case for additional factfinding and analysis. (ECF Nos. 42, 42-1). On May 21, 2021, the Court issued an Order directing Respondents to file a brief addressing the issues on remand. (ECF No. 45). Respondents submitted their Supplemental Response on August 13, 2021, (ECF No. 51), and Dicks filed a Reply on August 31, 2021, (ECF No. 53).

## II. DISCUSSION

### A. Standard of Review

The Fourth Circuit remanded this case to consider "Dicks' argument that his § 2254 petition was timely because his motion for drug and alcohol treatment, pursuant to [H.G.] §§ 8-505, -507 (2019), qualifies as a collateral review proceeding that tolls the one-year statute of limitations," (4th Cir. Op. at 4), and further to consider whether that motion remains pending, (id. at 4–5). The Court is thus tasked with considering the facts underlying Dicks' § 8-505 motion and whether the motion operated to toll the one-year filing period as a "properly filed application for State . . . collateral review" under 28 U.S.C. § 2244(d)(2). See Mitchell v. Green, 922 F.3d 187 (4th Cir. 2019); Wall v. Kholi, 562 U.S. 545 (2011).

7

The Supreme Court explained in Kholi that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." 562 U.S. at 553. The Fourth Circuit subsequently determined in Mitchell that a motion to reduce sentence filed pursuant to Maryland Rule 4-345 is a collateral review proceeding that tolls the filing deadline for seeking federal habeas relief. 922 F.3d at 198.

An application for collateral review "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "Filing rules include 'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'" Harris v. Dir., Va. Dep't of Corr., 282 F.App'x 239, 241 (4th Cir. 2008) (quoting Artuz, 531 U.S. at 8). In contrast, "procedural bars that prevent certain claims from being raised or considered" do not impact whether an application for relief is properly filed. Id. The Supreme Court has made clear that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." Id. (quoting Artuz, 531 U.S. at 9).

In concluding that the petitioner's Rule 4-345 motion to reduce sentence tolled the one-year limitation period for a federal habeas petition, the Mitchell Court concluded that the petitioner "filed his Maryland Rule 4-345 motion . . . soon after his state criminal judgment became final." 922 F.3d at 189. In other words, the motion served to toll the one-year limitation period because it was filed before one year had passed and because it was

a properly filed application for collateral review. The Fourth Circuit did not address a scenario where the "application for collateral review" was filed after the one-year period had expired.

**B.****Analysis**

Dicks argues that there was no final judgment on his § 8-505 motion because the Circuit Court for Anne Arundel County denied the State's Attorney's motion for appropriate relief as moot. (Pl.'s Opp'n Answer Resps. Suppl. Resp. Regarding Limitations Issue ["Suppl. Reply"] at 3, ECF No. 53). He adds that the evaluation he received as a result of his § 8-505 motion determined that he needs "in-house, alternative placement [for] drug treatment" and implies that determination, along with the state court's denial of the State's motion, tolls the one-year filing deadline under Kholi and Mitchell. (Suppl. Reply at 3). Dicks also directs the Court's attention to an April 25, 2012 decision by Judge Diane Leasure of the Circuit Court for Howard County, in which the court ordered drug treatment for Dicks based on the § 8-505 evaluation he received following the decision of the Circuit Court for Anne Arundel County to grant his § 8-505 motion. (Id.).

Dicks further maintains that once his § 8-505 motion was granted, the next step is a § 8-507 motion, which Dicks states he filed on November 28, 2012. (Id. at 10). He disagrees with Respondents' assertion that his § 8-507 motion was not properly filed and claims he sent a copy of that letter to the State's Attorney. (Id.; see also Suppl. State R. at 20–21). In Dicks' view, until the Circuit Court for Anne Arundel County issues a decision on whether he should be committed for treatment with DOH under § 8-507, the federal habeas limitation period remains tolled. (Suppl. Reply at 3). For their part, Respondents

9

argue that the timing of Dicks' § 8-505 motion for evaluation did not operate to toll the one-year federal habeas deadline because it was filed after the one-year period expired. (Resp't Suppl. Resp. Regarding Outstanding Limitations Issue ["Suppl. Resp."] at 11, ECF No. 51).

Dicks appears to acknowledge that an evaluation ordered pursuant to H.G. § 8-505 is merely the first step and an additional motion is required for relief under § 8-507. Thus, while Dicks' § 8-505 motion began the process, there was no consideration given at the hearing on his § 8-505 motion to whether Dicks' sentence(s) should or would be suspended. The only issue before the state court at the time his § 8-505 motion was pending was whether, in light of Dicks' history, he should be evaluated to determine if he was amenable to drug or alcohol treatment. A favorable ruling on the motion changed nothing about the duration of Dicks' sentence, the validity of his conviction, or his legal custodian (i.e., DOH or the Division of Correction). Thus, the § 8-505 motion bore none of the hallmarks of a collateral review proceeding. There was no consideration of whether the sentence originally imposed was too severe, nor was there any discretionary review of that sentence. See Kholi, 562 U.S. at 551–53 (discussing meaning of collateral review). Dicks' need for drug treatment was the only determination made.

Even assuming for the sake of argument that Dicks' § 8-505 motion constituted a collateral review, it did not operate to toll the federal habeas filing period long enough to make the Petition before this Court timely. Dicks' conviction was final on October 2, 2006, when the thirty-day period to appeal his August 31, 2006 guilty plea expired. (Init. Op. at 6). The motion for reconsideration Dicks filed on September 5, 2006 arguably tolled the

10

federal habeas limitations period until September 4, 2011, when the motion expired by operation of law. To the extent that Dicks' motion seeking an evaluation under H.G. § 8-505 tolled the one-year filing period, that motion was no longer pending following the September 21, 2011 hearing wherein the judge granted the motion from the bench.

If Dicks' position is correct, his subsequent letter, which was dated November 11, 2012 and marked filed on November 21, 2012, constituted a "motion" filed pursuant to H.G. § 8-507. But given that the state court granted Dicks' § 8-505 motion on September 21, 2011, by the time Dicks filed the letter, more than a year had expired since anything was "pending" before the state court. The one-year filing period would have expired, at the latest, on September 21, 2012. With no intervening properly filed collateral review being filed prior to the September 21, 2012 expiration, the one-year filing period was no longer tolled and the Petition in this Court was time-barred when it was filed.

Moreover, even if Dicks' § 8-505 motion would otherwise have constituted a collateral review sufficient to toll his filing period, it could not have done so because a state court "may not order that the defendant be delivered for treatment until . . . [a]ny sentence of incarceration for the defendant is no longer in effect." H.G. § 8-507(e)(1)(ii). Thus, under H.G. § 8-507, "the only way the court can order treatment is if the court suspends the executed portion of the sentence." Howsare, 970 A.2d at 962. But as the Court of Special Appeals explained, "the Circuit Court for [one jurisdiction] could not suspend [the defendant's] sentence and send [the defendant] to [a commitment] unless the [other jurisdiction's] Circuit Court also suspended [the defendant's] sentence." Id. at 964. Here, because Dicks received and was serving concurrent sentences from multiple courts, the

11

Circuit Court for Anne Arundel County lacked the authority to unilaterally reexamine his sentence under H.G. § 8-507, i.e., to conduct a collateral review.

Finally, while Dicks maintains that there is evidence that his letter was served on the State's Attorney's Office, the only indication that the State's Attorney's Office received the letter appears to be a notation made by the State court indicating that copies were mailed to the "SAO" and the "OPD" on November 28, 2012. (Suppl. State R. at 20). But that marginal notation conflicts with the notation that the letter was "ex parte"; the latter notation makes no sense if Dicks informed the court that he had provided copies to the State's Attorney. Indeed, the rule cited in the marginal "ex parte" notation, Maryland Rule 1-323, prohibits a clerk in a Maryland court from accepting for filing "any pleading or other paper requiring service . . . unless it is accompanied by an admission or waiver of service or a signed certificate showing the date and manner of making service." Thus, it appears to this Court that Dicks' § 8-507 motion was not "properly filed" within the meaning of the Maryland Rules and thus did not operate to toll the one-year filing period. See Artuz 531 U.S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be pending, but not properly filed.").

### III.   CONCLUSION

Having examined both the applicable law and the operative facts as directed by the Fourth Circuit's Order remanding this matter, this Court concludes that Dicks' motion filed pursuant to H.G. § 8-505 did not toll the one-year filing period as set forth in 28 U.S.C. § 2244(d) because the motion did not constitute "collateral review," was not properly filed,

and was no longer pending as of September 21, 2011, when the state court granted the motion.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). This Court concludes that Dicks has not made such a showing and declines to issue a certificate of appealability. Dicks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). A separate Order follows.

Entered this 2nd day of December, 2021.

                                                     /s/
                                       George L. Russell, III
                                       United States District Judge